UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

FERNANDO FRANCISCO GONZALEZ CIUFFARDI,

    Plaintiff,

v.

XEROX CORPORATION, a New York corporation; and
XEROX EMIRATES L.L.C., a joint venture affiliate
of XEROX CORPORATION,

    Defendants.
_____/

## COMPLAINT

Plaintiff, FERNANDO FRANCISCO CIUFFARDI GONZALEZ ("GONZALEZ") by and through undersigned counsel, hereby sues Defendant XEROX CORPORATION, a New York Corporation ("XEROX") and XEROX EMIRATES L.L.C. ("XEROX UAE"), a Joint Venture Affiliate (collectively, the "XEROX JV") and alleges as follows.

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages in excess of $75,000 for violations of Section 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a); invasion of plaintiff's statutory and common law rights of publicity; common law misappropriation, for violation of Fla. Stat. §540.08, and for unjust enrichment and unfair business practices.

2.    This Court has jurisdiction of this action under 15 U.S.C. §1125(a), 28 U.S.C. § 1331, and 28 U.S.C. §§1338(a) and (b).

CASE NO.

3. This Court has supplemental jurisdiction over the related claims pursuant to 28 U.S.C. §1367(a), in that they all are so related to the above federal claims that they form part of the same case or controversy.

4. This Court has personal jurisdiction over XEROX in that XEROX engages in substantial and not isolated business in Florida, including this District, and is registered with the Florida Department of State and is authorized to do business in Florida.

5. This Court has personal jurisdiction over XEROX UAE in that XEROX UAE is a Joint Venture Affiliate with XEROX and conducts business in Florida and in this District. XEROX UAE'S management and operations are controlled by XEROX and subject to XEROX's control.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) in that a substantial part of the events or omissions involved in this action occurred in this District and XEROX and the XEROX UAE, as a Joint Venture Affiliate of XEROX, are subject to personal jurisdiction in this District and the damages have occurred or have substantial effect in this District.

**THE PARTIES**

7. Plaintiff GONZALEZ is an individual with substantial business and private interests within this District. GONZALEZ employs his principal business agent in Miami-Dade County, Florida, at whose location significant business contracts, including major global endorsement deals with major brands, are negotiated, executed or performed on GONZALEZ's behalf. In addition, GONZALEZ owns certain real property within this District.

2

CASE NO.

8. XEROX is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located in Norwalk, Connecticut.

9. XEROX UAE is a Joint Venture Affiliate of XEROX and has its principal place of business located at the Seddiqui Building, 5th Floor, Khalid Bin Walid Street, P.O. Box 6195, Bur Dubai, Dubai, United Arab Emirates. XEROX UAE, as a Joint Venture Affiliate of XEROX, is amenable to service of process pursuant to Fla. Stat. §48.181, and other applicable law, in that it sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers, or distributors to any person, firm, or corporation in this state and operates, conducts, engages in, or carries on a business or business venture in this state. XEROX UAE's operations are designed for the benefit of XEROX or the XEROX JV. As a member of the XEROX JV, XEROX UAE is the agent of XEROX and as such is amenable to service of process in this state.

## GONZALEZ'S PROFESSION AND PERSONA

10. GONZALEZ is a world-renowned athlete and tennis champion who has achieved extraordinary popularity and success as a competitor in professional tennis championships held worldwide. GONZALEZ enjoyed an outstanding junior career, finishing No. 4 in singles world junior rankings and No. 2 in doubles in 1998. In 2007, GONZALEZ was ranked fifth worldwide among professional tennis champions according to the official men's professional tennis rankings published by the ATP World Tour. GONZALEZ has consistently placed within the top twenty of professional tennis players worldwide since turning professional in 1999. His forehand has often been described as one of the "best forehands the game has ever seen." (See EXHIBIT "A" – Tennis ATP World Tour Deuce Article on Fernando Gonzalez).

3

CASE NO.

11.  GONZALEZ is one of the few active players to have reached at least the quarter-final round of all four Grand Slam tournaments. GONZALEZ is the fourth male tennis player in history to have won each Olympic medal (gold in doubles and bronze in singles at Athens 2004, and silver in singles at Beijing 2008). Throughout his career, he has defeated many former number-one players. GONZÁLEZ has qualified twice for the year-end Masters Cup event and was runner-up at two Masters Series tournaments. He is considered among the best tennis players of the 2000s.

12.  Internationally known Grand Slam championships at which GONZALEZ has been prominently featured numerous times, and has excelled, include the Australian Open (finalist in 2007), the French Open, Wimbledon, and the U.S. Open. Further, he was a finalist at the Olympic Games in Beijing China, in 2008, losing a memorable match to number-one ranked tennis player, Rafael Nadal.

13.  GONZALEZ, as with other professional tennis players of his stature and world recognition, receives a substantial portion of his earnings from endorsements. As part of the confidential contracts with various sponsors, including BABOLAT, KIA, and ADIDAS, GONZALEZ promotes and advertises on a global scale the brand names and logos of his internationally famous sponsors. His sponsors actively promote their products through GONZALEZ's world recognized image and fame; for instance, Adidas profiles only seven (7) world class tennis players on its website, and GONZALAEZ is one of those players. (See http://www.adidas.com/tennis/us/athlete/fernando-gonzalez-tennis/).

4

CASE NO.

## THE BUSINESS OF XEROX

14. XEROX is an internationally-known organization engaged in business equipment services and document management services.

15. XEROX is authorized to do business in Florida and is registered with the Florida Department of State and is engaged in substantial and not isolated business activity throughout Florida and within this District.

16. As indicated on its website, www.xerox.com, XEROX employs over 130,000 employees in 160 countries. As stated on its website, XEROX has annual revenues of over $22 billion.

17. A review of the XEROX website indicates that all information pertaining to XEROX UAE is available on the main XEROX website. An Internet search for XEROX EMIRATES, LLC yields the main XEROX website, there is no separate website for XEROX UAE other than the primary website maintained and established by XEROX. In fact, when searching for detailed corporate information regarding XEROX UAE one is directed to the main XEROX website.

18. At all material times, XEROX exercised and continues to exercise substantial control over the business decisions and activities, including all advertising and marketing activities, undertaken by XEROX UAE and the XEROX JV. The conduct of XEROX UAE, and in particular the marketing advertisement that is the subject of this action, is directly attributable to XEROX and its ultimate beneficiary of such marketing activities is XEROX.

5

CASE NO.

**XEROX'S UNAUTHORIZED USE OF GONZALEZ'S IMAGE AND LIKENESS**

19. In February, 2010, GONZALEZ was notified by at least one acquaintance, another professional tennis player, of the existence of an advertisement ("the Unauthorized Advertisement") found within the publication titled The Dubai Duty Free, distributed at, among other locations, the Barclay's Dubai Tennis Tournament and at international airports. The Unauthorized Advertisement features the image and likeness of GONZALEZ in an advertisement for XEROX and XEROX UAE, and the goods, products, or services offered by XEROX. To illustrate the level of confusion XEROX and the XEROX JV created by publishing the Unauthorized Advertisement, the acquaintance informed GONZALEZ that upon viewing the Unauthorized Advertisement, he concluded that GONZALEZ was indeed sponsored by and in a contractual relationship with XEROX. A true and correct copy of the Unauthorized Advertisement is attached hereto as EXHIBIT "B."

20. The Unauthorized Advertisement indicates that XEROX is a "proud sponsor of The Barclays Dubai Tennis Championships of 2010." The full page Unauthorized Advertisement depicts a photograph of GONZALEZ wearing all white clothing with XEROX as his sole sponsor. Incredibly, XEROX vests its name, corporate logo and its company symbol with the color red on six different sections of GONZALEZ's all white clothing, excluding all of his official corporate sponsors (including world-wide companies KIA, BABOLAT AND ADIDAS). This single full page colorful advertisement is exclusively intended to market, promote, and advertise XEROX to a world-wide audience.

6

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

21.     The Unauthorized Advertisement was distributed internationally in a duty-free publication promoting a world famous tennis tournament. The Barclay's Dubai Tennis Tournament's world-wide fame is attributable in part to its recognition as having one of the highest money prizes amongst professional tennis tournaments, its attraction of the Top 10 professional tennis players to its official roster, world famous location in Dubai, a tennis stadium which is often described as "One of the most imposing yet intimate tennis stadiums seen anywhere on the ATP and WTA tours" and attraction of world famous sponsors, such as Barclay's Bank and Xerox. In fact, according to Adam Helfant, ATP WorldTour Executive Chairman and President, "Over the past 18 Men's Opens, the Barclay's Dubai Tennis Championship has become one of the most eagerly anticipated tournaments of the year." (See EXHIBIT "C").

22.     XEROX holds itself out as a corporate sponsor of the Barclays Dubai Championship, as indicated on the advertisement attached here as EXHIBIT "D." Its promotion is intended to address a world-wide audience.

23.     The Unauthorized Advertisement by XEROX was placed in the publication without any knowledge, approval or consent of GONZALEZ and specifically for the commercial and economic benefit of XEROX and the XEROX JV.

24.     The Unauthorized Advertisement was distributed worldwide and no prior approval of GONZALEZ was ever sought or given to XEROX for such distribution or publication. Clearly XEROX and the XEROX JV knew or should have known, given its sponsorship of top-ranked professional tennis championships, that a professional tennis player of the caliber of GONZALEZ would have existing contractual sponsorship relationships and that

7

CASE NO.

the Unauthorized Advertisement could jeopardize such relationships. At the very least, XEROX had knowledge that it, and XEROX UAE, were required to obtain GONZALEZ's consent and approval of the Unauthorized Advertisement prior to submitting the Advertisement for publication.

25. GONZALEZ has retained the undersigned counsel and has agreed to pay a reasonable fee for professional legal services.

## COUNT I
## VIOLATION OF FLORIDA STATUTE § 540.08

26. GONZALEZ incorporates by reference the allegations of paragraphs 1- 25 above as if fully set forth herein.

27. The conduct of the XEROX JV in publishing the Unauthorized Advertisement for the economic and commercial benefit of XEROX, and as otherwise alleged above, constitutes the invasion and infringements of GONZALEZ's rights to be free from the unauthorized publication of his image and likeness for commercial purposes under Florida Statutes Section 540.08.

28. As a direct and proximate result of XEROX'S wrongful conduct in publishing the Unauthorized Advertisement, GONZALEZ has been damaged in a sum which is not presently ascertainable, but which exceeds $1,000,000 and will be established by proof at trial. Said damages include, but are not limited to, the market value of the use of GONZALEZ's name, image and likeness in the manner used by the XEROX JV; the endorsement value to XEROX of the use of GONZALEZ's name, image and likeness in advertising and selling its products, services, goods or merchandise; and the diminution and dilution in the value of GONZALEZ's

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

image and likeness for other commercial purposes as a result of XEROX and the XEROX JV's unauthorized conduct.

29. By reason of XEROX and the XEROX JV's wrongful acts, as hereinabove alleged, and in addition to all other relief:

(a) GONZALEZ is entitled to an accounting of all gross revenue received, directly or indirectly, by XEROX and XEROX UAE as a result of the unauthorized use of GONZALEZ's image and likeness in connection with XEROX's products, services, goods, or merchandise, and/or as a result of XEROX approving, permitting, facilitating, and/or causing the use of GONZALEZ's image and likeness in connection with XEROX and the XEROX JV, its products, services, goods, or merchandise, and to award all such sums; and

(b) XEROX is an involuntary trustee holding all such sums and proceeds under a constructive trust for the benefit of GONZALEZ with the duty to transfer the same to GONZALEZ forthwith.

30. GONZALEZ is informed and believes, and on that basis alleges, that by knowingly using, or approving, permitting, facilitating or causing the use of GONZALEZ's image and likeness without GONZALEZ's knowledge, approval or consent and for its own commercial and financial benefit, the XEROX JV acted with fraud, oppression or malice, and GONZALEZ, in addition to his actual damages, is, by reason thereof, entitled to recover damages for the sake of example and by way of punishing defendant in such amount as the proof at trial may indicate is appropriate.

## COUNT II
## INVASION OF PRIVACY

31. GONZALEZ incorporates by reference the allegations of paragraphs 1- 25 above as if fully set forth herein.

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

32. The conduct of the XEROX JV, as hereinabove alleged, was knowing, willful and intentional and constituted the invasion and infringement of GONZALEZ's common law right to privacy.

33. As a direct and proximate result of XEROX and the XEROX JV's wrongful conduct, GONZALEZ has been damaged in a sum which is not presently ascertainable, but which exceeds $1,000,000 and will be established by proof at trial. Said damages include, but are not limited to, the market value of the use of GONZALEZ's image and likeness in the manner used by the XEROX JV; the endorsement value to the XEROX JV of the use of GONZALEZ's image and likeness in advertising and selling its products, services, goods or merchandise; and the diminution and dilution in the value of GONZALEZ's name for other commercial purposes as a result of XEROX's unauthorized conduct.

34. GONZALEZ is informed and believes, and on that basis alleges, that by knowingly using, or approving, permitting, facilitating and/or causing the use of GONZALEZ's image and likeness without GONZALEZ's consent and for its own commercial and financial benefit, XEROX and the XEROX JV acted with fraud, oppression or malice, and GONZALEZ, in addition to actual damages, is, by reason thereof, entitled to recover damages for the sake of example and by way of punishing XEROX and the XEROX JV in such amount as the proof at trial may indicate is appropriate.

### COUNT III
### FALSE ENDORSEMENT
### IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

35. Plaintiff incorporates by reference the allegations of paragraphs 1-25 above as if fully set forth herein.

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

36. The Unauthorized Advertisement placed by XEROX or the XEROX JV has been and, upon information and belief, continues to be distributed in interstate commerce.

37. The aforesaid conduct of XEROX or the XEROX JV in publishing the Unauthorized Advertisement for commercial purposes and for XEROX's financial benefit has caused and is likely to cause confusion and mistake among the general public, or has deceived and is likely to deceive the general public into believing that GONZALEZ endorses or is affiliated, connected, or associated with XEROX or the XEROX JV or endorsed by it, and that GONZALEZ endorses XEROX and its products, services, goods or merchandise.

38. The false endorsement associates GONZALEZ with XEROX or the XEROX JV and accordingly the unauthorized use of GONZALEZ's image and likeness violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. GONZALEZ is informed and believes that the conduct of XEROX or the XEROX JV as hereinabove alleged was willful, intentional, and outrageous. XEROX knew or should have known that a professional tennis player of GONZALEZ's level would have pre-existing sponsorships and endorsements or would be considered for future endorsements and that these would be jeopardized by the Unauthorized Advertisement and that confusion would be caused by persons viewing the Unauthorized Advertisement who would thereby conclude that GONZALEZ was endorsing XEROX and its products.

40. In addition, as a direct and proximate result of defendant's violations of the Lanham Act, GONZALEZ is entitled to damages in a sum that is not presently ascertainable but that exceeds $1,000,000, the profits of XEROX and/or the XEROX JV, and the imposition of a constructive trust.

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

41. As a result of XEROX and the XEROX JV's violations of Section 43(a) of the Lanham Act, GONZALEZ is entitled to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT IV
## FALSE ADVERTISING
## IN VIOLATION OF THE LANHAM ACT, SECTION 43(a)

42. Plaintiff incorporates by reference the allegations of paragraphs 1-25 above as if fully set forth herein.

43. The Unauthorized Advertisement placed by XEROX or the XEROX JV has been and, upon information and belief, continues to be distributed in interstate commerce.

44. The conduct of XEROX or the XEROX JV in publishing the Unauthorized Advertisement for commercial purposes and for XEROX's financial benefit has caused and is likely to cause confusion and mistake among the general public, or has deceived and is likely to deceive the general public into believing that GONZALEZ is advertising or is affiliated, connected, or associated with XEROX or the XEROX JV, its products, services, goods or merchandise.

45. The Unauthorized Advertisement falsely advertises that GONZALEZ is affiliated with XEROX or the XEROX JV and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. GONZALEZ is informed and believes that the conduct of XEROX or the XEROX JV as hereinabove alleged was willful, intentional, and outrageous. XEROX knew or should have known that a professional tennis player of GONZALEZ's level would have pre-existing sponsorships and endorsements or would be considered for future endorsements and that

12

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

these would be jeopardized by the false advertising that GONZALEZ is affiliated with XEROX and that confusion would be caused by persons viewing the Unauthorized Advertisement who would thereby conclude that GONZALEZ was advertising XEROX and its products.

47. In addition, as a direct and proximate result of defendant's violations of the Lanham Act, GONZALEZ is entitled to damages in a sum that is not presently ascertainable but that exceeds $1,000,000, the profits of XEROX and/or the XEROX JV, and the imposition of a constructive trust.

48. As a result of XEROX and the XEROX JV's violations of Section 43(a) of the Lanham Act, GONZALEZ is entitled to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT V
## UNJUST ENRICHMENT

49. GONZALEZ incorporates by reference the allegations of paragraphs 1-25 above as if fully set forth herein.

50. XEROX and the XEROX JV, by means of the publication of the Unauthorized Advertisement, knowingly received a benefit from GONZALEZ, including financial and reputational benefits as a result of having its goods, products and services identified with an athlete of the caliber and esteem of GONZALEZ.

51. XEROX and the XEROX JV knew or should have known, particularly in view of their self-proclaimed commitment to the Barclays Dubai Tournament that it would be unjust to retain the economic benefits realized from the Unauthorized Advertisement without paying to Gonzalez the value of such benefits.

CASE NO.

## COUNT VI
## MISAPPROPRIATION

52. GONZALEZ incorporates by reference the allegations of paragraphs 1-24 above as if fully set forth herein.

53. XEROX and the XEROX JV, with full knowledge of GONZALEZ's rights and without GONZALEZ's consent, have unlawfully appropriated GONZALEZ's property by placing into publication the Unauthorized Advertisement bearing GONZALEZ's image and likeness.

54. The act of XEROX and/or the XEROX JV in publishing the Unauthorized Advertisement constitutes a wrongful, unlawful, and unconscionable appropriation and taking by XEROX for its own commercial and economic benefit. XEROX and the XEROX JV have wrongfully appropriated and sought to profit from the goodwill represented by GONZALEZ's image and likeness, which goodwill is the product of GONZALEZ's work, skill, talent, experience and substantial expenditures.

55. As a direct result of the unlawful misappropriation by XEROX and the XEROX JV, the Defendants, jointly and severally, have been unlawfully enriched in an amount for which damages and/or restitution is appropriate.

56. XEROX and the XEROX JV have willfully and intentionally misappropriated GONZALEZ's property with full knowledge of GONZALEZ's rights or with reckless indifference to the rights of GONZALEZ. By reason thereof, GONZALEZ is entitled to recover exemplary and punitive damages against XEROX and the XEROX JV.

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

## COUNT VII
## UNFAIR BUSINESS PRACTICES

57. GONZALEZ incorporates by reference the allegations of paragraphs 1-24 above as if fully set forth herein..

58. Defendants' actions, as alleged above, constitute unfair competition under the common law and within the meaning of, among other provisions of the law, Fla. Stat. 501.201, *et seq*. Defendants' unauthorized use of GONZALEZ's image and likeness falsely implies, to the general public, to potential investors and users of Defendants' services, and to third parties who are interested in securing the rights to use Plaintiff's name, image and likeness, that GONZALEZ endorses, supports, authorizes or approves of XEROX or the XEROX JV or is otherwise associated or affiliated with XEROX or the XEROX JV, its products, goods and services.

59. As a direct and proximate result of Defendants' acts of unfair competition, GONZALEZ is entitled to restitution, injunctive relief, Defendants' profits and the imposition of a constructive trust.

60. GONZALEZ is informed and believes, and on that basis alleges, that by knowingly using or approving, permitting, facilitating or causing the unauthorized use of GONZALEZ'S image and likeness, without his knowledge or consent and for its own commercial and financial benefit, Defendants acted with fraud, oppression, or malice and Plaintiff, in addition to his actual damages, is, by reason thereof, entitled to recover damages for the sake of example and by way of punishing Defendants in such amount as the proof at trial may indicate is appropriate.

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

**WHEREFORE,** PLAINTIFF FERNANDO GONZALEZ requests that this Court enter judgment against DEFENDANTS, XEROX CORPORATION and XEROX EMIRATES, LLC, jointly and severally, as follows:

1. For damages according to proof;

2. For all profits derived by defendant as a result of its unauthorized use of GONZALEZ's image and likeness, and/or as a result of their approving, permitting, facilitating, or causing the unauthorized use of GONZALEZ's name, image and likeness;

3. For an accounting, under the supervision of the Court, and the imposition of a constructive trust over all sums (and all interest and other proceeds of all sums) received, directly or indirectly, by defendants as a result of the unauthorized use of GONZALEZ's image and likeness or as a result of their approving, permitting, facilitating, or causing the unauthorized use of GONZALEZ's image and likeness;

4. For treble GONZALEZ's actual damages;

5. For punitive damages in an amount to be determined at trial;

6. For preliminary and permanent injunctions enjoining defendant and its agents, representatives, servants, employees, or any other person acting in concert with them, from using GONZALEZ's image and likeness, without plaintiff's prior consent or authorization, in the Advertisements or on or in any manner in connection with defendant or any of its products, services, goods, or merchandise, or approving, permitting, facilitating, or causing the unauthorized use of GONZALEZ's name, image and likeness in any manner in connection with defendant's or any of its products, services, goods, or merchandise;

7. For attorneys' fees and costs of suit incurred herein;

Concepción Martinez & Bellido, Attorneys at Law
255 Aragon Avenue • 2nd Floor • Coral Gables, FL 33134 • T 305.444.6669 • F 305.444.3665
www.cfclaw.com

CASE NO.

8. For interest according to law;

9. For a trial by jury on all issues so triable; and

10. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

CONCEPCION MARTINEZ & BELLIDO
Counsel for Plaintiff
255 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134
Telephone: (305) 444-6669
Facsimile:  (305) 444-3665

___/S/ MARIAN KENNADY___
Ricardo H. Puente, Esq.
Fla. Bar No. 0121533
Marian Kennady, Esq.
Fla. Bar No. 379580

17